UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>RONALD J. HEDGES<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING, JR.<br>FEDERAL BUILDING AND COURTHOUSE<br>50 WALNUT STREET<br>NEWARK, NJ 07101<br>973-645-3827 |

August 3, 2005

**LETTER-OPINION AND ORDER**
**ORIGINAL FILED WITH CLERK OF THE COURT**

Jules D. Zalon
226 Oakland Road
Maplewood, NJ 07040

Steven Mancinelli
Codispoti & Mancinelli LLP
111 John St.
Suite 800
New York, NY 10018

      Re:    Studio A. Entertainment, Inc. v. Kings Distributors et. al.
               Civil No. 05-986
               Hon. Jose L. Linares

Dear Counsel:

**INTRODUCTION**

      This matter comes before me on plaintiff's application to compel production of a lease. I have considered the papers submitted in support of and in opposition to the application. There was no oral argument.

**BACKGROUND/ PROCEDURAL HISTORY**

      This action was commenced with the filing of a Complaint on February 22, 2005. Plaintiff filed an Amended Complaint on July 13, 2005. Plaintiff alleges copyright infringement, trademark infringement, contributory copyright infringement, vicarious copyright infringement,

and New Jersey counterfeit claims. Plaintiff argues that production of the lease between defendant Media Mastering Services, LLC ("MMS") and its landlord is discoverable under Rule 26(b)(1).

## DISCUSSION

Rule 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Relevancy under Rule 26 is to be liberally construed. See Rubin v. The Islamic Republic of Iran, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). However, district courts have broad discretion to adjust discovery to the circumstances of each case. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003).

Plaintiff argues that the lease is required to ensure MMS will not be judgment proof. However, the lease agreement between MMS and its landlord is not relevant to any party's claims or defenses. As such, it is not discoverable. Rule 26(b)(1). Furthermore, there is already deposition testimony indicating that MMS does not have a lease agreement with the landlord. Weng Dep. 30:7-14. Rather, based on an informal arrangement, MMS pays approximately $2,500.00 monthly for rent to Pacmax, which is another company in the same building. Weng Dep. 30:20-22. In light of this information, plaintiff has not shown "good cause, . . . to order discovery of matter relevant to the subject matter involved in [this] action." Rule 26(b)(1).

## **CONCLUSION**

For the reasons set forth above, plaintiff's application is DENIED.

SO ORDERED.

s/ Ronald J. Hedges
United States Magistrate Judge

Copy: Judge Jose L. Linares